FILED

Jan 2, 2014

2013 DEC 33  PM 12: 31

CLERK U.S. DISTRICT COURT
MIDDLE DISTRICT OF FL
OCALA FLORIDA

IN THE UNITED STATES DISTRICT COURT
IN AND FOR THE MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

ROGER MCLELLAN and
REBECCA WADE,

    Plaintiffs,

-vs-

VERIZON COMMUNICATIONS, INC.       CASE NO.:   5: 14 -0001 -OC- 10 PRC
and AFNI, INC.,

    Defendants.

_____/

## COMPLAINT

1.    The Plaintiffs, ROGER MCLELLAN and REBECCA WADE , by and through the

undersigned counsel, sue  the Defendants, VERIZON COMMUNICATIONS, INC.

(" VERIZON") and AFNI, INC., and in support thereof respectfully alleges the following:

2.    Plaintiffs allege violation of the Fair Debt Collection Act, 15 U.S.C.§ 1692 *et seq.*

("FDCPA") and the Florida Consumer Collections Practices Act, Chapter 559, *et seq.*

("FCCPA"), Florida Statutes.

## JURISDICTION AND VENUE

3.    This is an action for damages exceeding Fifteen Thousand Dollars ($15,000.00) exclusive

of attorney's fees and costs.

4.    Jurisdiction and venue for purposes of this action are appropriate and conferred by 15

U.S.C. § 1692 K(d).

5.    Venue is proper in this District because the acts and transactions and the alleged

violations described herein occurred in Marion County, Florida.

## FACTUAL ALLEGATIONS

6.     Plaintiffs are natural persons, and citizens of the State of Florida, residing in Marion County, Florida.

7.     Plaintiffs are "consumers" as defined in 15 U.S.C. § 1692(a)(3), and/or alleged "debtors" pursuant to F.S. §559.55(2).

8.     Defendant, VERIZON COMMUNICATIONS, INC., (hereinafter "VERIZON"), is a corporation and a citizen of the State of New York with its principal place of business located at 140 West Street, 20th Floor, New York, NY

9.     Defendant, AFNI, Inc., (hereinafter "AFNI") is a corporation and a citizen of the State of Illinois with its principal place of business located at 404 Brock Drive, Bloomington, IL.

10.    Defendant, VERIZON, is a creditor as defined by F.S.§559.55(3). Defendant sought to collect a debt from Plaintiffs that arose from a transaction incurred for personal, family or household purposes and therefore is a "consumer debt."

11.    Defendant, AFNI is a "debt collector" as defined by 15 U.S.C §1692(a)(6). Defendant sought to collect a debt from Plaintiff that arose from a transaction incurred for personal, family or household purposes and therefore is a "consumer debt."

12.    The debt that is the subject matter of this complaint is a "consumer debt" as defined by 15 U.S.C. §1692(a)(4) and F.S. §559.72(1), as same relates to residential and/or wireless telephone services provided to an individual.

13.    Plaintiffs, who reside together in Ocklawaha, Florida, were assigned the residential telephone number of (352) 288-1155 in approximately September, 2012 and soon thereafter began receiving telephone calls from Defendant, VERIZON, looking for a "Jennifer L. Compton," who Plaintiffs have no knowledge of and informed Defendant, VERIZON, that they

did not know anyone by that name and that no one by that name lived at there and that they did not owe any debt to Verizon.

14.     Defendant, VERIZON, intentionally harassed and abused Plaintiffs in an attempt to collect a debt on numerous occasions by calling Plaintiffs' residential telephone number (352) 288-1155, at least twenty (20) and thirty (30) times from September, 2012 through December, 2012, despite Plaintiffs repeatedly telling VERIZON that they were calling the wrong telephone number, that they had no knowledge of the person they were attempting to reach, and that they did not owe any debt to VERIZON.

15.     Upon information and belief and, despite knowing that Plaintiffs were not "Jennifer L. Compton, " and that they were not responsible for the debt, Defendant, VERIZON, sold, assigned and/or transferred this illegitimate debt to Defendant, AFNI in approximately December, 2012, for debt collection purposes. Further, upon information and belief, knowing that the telephone number (352) 288-1155 belonged to Plaintiffs, Defendant provided that erroneous telephone number to Defendant, AFNI, INC.

16.     In approximately December, 2012, Plaintiffs began receiving prerecorded automated calls from Defendant, AFNI, harassing Plaintiffs by its agents, collectors and representatives including attempting to collect on a debt by calling Plaintiffs repeatedly and leaving artificial and/or prerecorded messages stating:

> "Jennifer L. Thompson – if this is Jennifer L. Thompson please press 1 now, to place this call on hold to allow time for this person to come to the phone, please press 2; if this person does not live at this address, please press 4; to hear this message again, please press pound, to end this call, simply hang up."

17.     Each of these prerecorded automated calls were made to Plaintiffs' residential telephone line without Plaintiffs' prior express consent and despite Plaintiffs repeatedly advising each of

the Defendant's representatives and agents that they did not have an account with Verizon and to stop calling them.

18.    Plaintiff, REBECCA WADE, followed the instructions on the prerecorded messages several times when Defendant, AFNI, first started calling Plaintiffs' residential telephone number in December, 2012, and spoke with a representative of the Defendant, AFNI, seven (7) or eight (8) times advising them that they were calling the wrong telephone number, that Plaintiffs did know "Jennifer L. Compton," and to stop calling Plaintiffs' telephone number.

19.    Some, or all, of the calls Defendant, AFNI, made to the Plaintiffs were made using an "automatic telephone dialing system" which has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers as specified by 47 U.S.C §227(a)(1).

20.    Each call the Defendant made to the Plaintiffs' residential telephone number was done so without the prior express consent of the Plaintiffs.

21.    Despite informing the Defendant, AFNI, that they were not the person, Defendant, AFNI, was attempting to contact, the automated calls from Defendant, AFNI, to Plaintiffs' residential phone continued, approximately one (1) to three (3) times a day, from December, 2012 through to the filing of this Complaint. Defendant has, or should be in possession and/or control of call logs and/or account notes that detail the exact number of calls made to Plaintiffs over the relevant time period.

22.    The Defendant, AFNI, has a corporate policy to use an automatic telephone dialing system or a pre-recorded or artificial voice to make telephone calls, without proper screening or scrubbing methods to ensure Defendant is calling the correct telephone number, just as it did to

the Plaintiffs' residential telephone in this case, with no way for the consumer, or the Defendant, to remove the incorrect number.

23.    Despite actual knowledge of their wrongdoing, the Defendant, AFNI, continued their campaign of telephone harassment and/or abuse.

24.    Defendant, AFNI's, corporate policy is structured as to continue to call individuals like the Plaintiff, despite these individuals explaining to the Defendant that they are the wrong party.

25.    Defendant, AFNI's, corporate policy provided no means for the Plaintiffs to have their number removed from its call list, evincing an utter disregard for the privacy rights of the Plaintiffs.

26.    Defendant, AFNI, has a corporate policy to harass and abuse individuals and set up their call-back systems in a manner which makes it virtually impossible for the automated calls to stop, and thereby causing Plaintiffs' telephone to ring repeatedly.

27.    Defendant, AFNI, has harassed and abused the Plaintiffs in an effort to collect the subject debt, by knowingly employing methods that did not permit the cessation of calls to Plaintiffs.

28.    Defendant, AFNI's, refusal to remove the Plaintiffs' telephone number from its calling list and dialing system, which included automated telephone dialing system calls and/or artificial prerecorded voice messages, being left one to two times a day, has caused the Plaintiffs' life to be disrupted by the repeated phone calls and has caused Plaintiffs stress and frustration in trying to rectify Defendant, AFNI's, conduct and errors to no avail.

29.    Attached hereto as **Exhibit "A"** is a true and correct copy of a timeline showing a snapshot of some of the dates and times that Defendant, AFNI, called Plaintiffs' telephone number, which shows Defendant, AFNI, made a minimum of twenty-three (23) telephone calls to Plaintiff over the approximate six week time period beginning September 5, 2013 through

October 21, 2013, and even continuing to do so after Plaintiffs told Defendant to stop calling him.

30.     Defendant, AFNI's, calls and refusals to stop calling were attempts to collect the alleged debt from Plaintiffs by harassment.

31.     Due to Defendant, AFNI's, constant calls and demands for payment, Plaintiffs suffered actual damages in the form of emotional distress, anxiety, fear, worry, embarrassment and mental suffering, pain and anguish and loss of the capacity to enjoy life.

32.     Plaintiffs' statutory and actual damages in the form of emotional distress, anxiety, fear, worry, embarrassment and mental suffering, pain and anguish and loss of the capacity to enjoy life pursuant to Federal Statute 15 U.S.C. § 1692 have continued and are continuing as of the filing of this complaint.

33.     All conditions precedent to the filing of this action have occurred.

## COUNT I
### (Violations of the FCCPA against VERIZON COMMUNICATIONS, INC.)

34.     Plaintiffs incorporate Paragraphs one (1) through thirty-three (33).

35.     At all times relevant to this action Defendant is subject to and must abide by the law of Florida, including Florida Statute § 559.72.

36.     Plaintiffs are alleged debtors as Defendant, VERIZON, through its continued telephone calls despite knowing that Defendant was calling the wrong telephone number and that Plaintiffs were not responsible for the alleged debt, engaged I conduct that can only be construed as alleging that Plaintiffs were responsible for said debt.

37.     Defendant has violated Florida Statute §559.72(7) by willfully communicating with Plaintiff with such frequency as can reasonably be expected to harass the Plaintiffs.

38.     Defendant has violated Florida Statute §559.72(7) by willfully engaging in other conduct which can reasonably be expected to abuse the Plaintiffs.

39.     Defendant has violated Florida Statute §559.72(9) by attempting to enforce a deb, as to the Plaintiffs, when it knows that the debt is not legitimate.

WHEREFORE, Plaintiffs respectfully demand a trial by jury on all issues so triable and judgment against Defendant, VERIZON COMMUNICATIONS, INC., for statutory damages, actual damages for emotional and mental pain and suffering, fear, humiliation, embarrassment, frustration and loss of capacity for the enjoyment of life, costs, interest, attorney's fees pursuant to F.S. §559.77, and any other such relief the court may deem just and proper.

## COUNT II
**(Violation of the Fair Debt Collection Practices Act "FDCPA" against AFNI, INC.)**

40.     Plaintiffs incorporate paragraphs one (1) through thirty-three (33).

41.     The foregoing acts and omissions of the Defendant, AFNI, INC. and its agents constitute numerous and multiple violations of the FDCPA including, but not limited to, the following provisions of the FDCPA, 15 U.S.C. § 1693 et seq., with respect to Plaintiffs:

(a)     The Defendant violated 15 U.S.C. § 1692f by using unfair or unconscionable means to collect or attempt to collect the alleged debt;

(b)     The Defendant violated 15 U.S.C. § 1692(d) by conduct, the natural consequence of which is to harass, oppress, or abuse any person;

(c)     The Defendant violated 15 U.S.C. § 1692(d)(5) by causing Plaintiffs' phone to ring repeatedly.

WHEREFORE, Plaintiffs respectfully demand a trial by jury on all issues so triable and judgment against Defendant, AFNI, INC. for statutory damages, actual damages,

costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

## COUNT III
### (Violations of the FCCPA against AFNI, INC.)

42.    Plaintiffs incorporate Paragraphs one (1) through thirty-three (33).

43.    At all times relevant to this action Defendant, AFNI, INC., is subject to and must abide by the law of Florida, including Florida Statute § 559.72.

44.    Plaintiffs are alleged debtors as Defendant, AFNI, INC., through its continued telephone calls despite knowing that Defendant was calling the wrong telephone number and that Plaintiffs were not responsible for the alleged debt, engaged in conduct that can only be construed as alleging that Plaintiffs were responsible for said debt.

45.    Defendant has violated Florida Statute §559.72(7) by willfully communicating with Plaintiffs with such frequency as can reasonably be expected to harass the Plaintiffs, as alleged debtors.

46.    Defendant has violated Florida Statute §559.72(7) by willfully engaging in other conduct which can reasonably be expected to abuse the Plaintiffs, as alleged debtors.

47.    Defendant has violated Florida Statute §559.72(9) by attempting to enforce a debt as to Plaintiffs when it knows that the debt is not legitimate.

WHEREFORE, Plaintiffs respectfully demand a trial by jury on all issues so triable and judgment against Defendant, AFNI, INC., for statutory damages, actual damages for emotional and mental pain and suffering, fear, humiliation, embarrassment, frustration and loss of capacity for the enjoyment of life, costs, interest, attorney's fees pursuant to F.S. §559.77, and any other such relief the court may deem just and proper.

Respectfully submitted,

Michael J. Vitoria, Esquire
Morgan & Morgan, Tampa,  P.A.
One Tampa City Center
Tampa, FL 33602
Tele:  (813) 223-5505
MVitoria@ForThePeople.com
afloyd@forthepeople.com
Florida Bar #: 0135534
Attorney for Plaintiff

Call log of calls received by AFNI, INC.;

September 5, 2013 @ 12:10 pm
September 14, 2013 @ 12:14 pm
September 18, 2013 @ 10:34 am
September 21, 2013 @ 11:15 am
September 24, 2013 @ 11:07 am and 2:06 pm
September 26, 2013 @ 12:03 pm
September 30, 2013 @ 11:06 am
October 1, 2013 @ 11:07 am and 11:27 am
October 5, 2013 @ 11:06 am and 11:17 am
October 7, 2013 @ 9:04 am, 11:03 am, and 12:56 pm
October 9, 2013 @ 10:30 am
October 12, 2013 @ 12:04 pm
October 14, 2013 @ 11:03 am
October 16, 2013 @ 10:34 am
October 19, 2013 @ 3:09 pm
October 21, 2013 @ 12:20 pm

